'(95 South. 263)

No. 25641.

## STATE v. MANUEL.

. (Dec. 29, 1922.)

*(Syllabus by the Court.)*

1. Homicide ⬅89(3)—Person not shot with intent to kill when only burned with powder; "shoot;" "missile."

To "shoot" a person is to strike him with something shot; to hit, wound, or kill, with a missile discharged from a weapon; and the missile meant in such cases is the arrow, bullet, or ball, intended to be discharged and to strike the object aimed at. A person cannot be said to have been shot who was not hit by bullet or ball, but only powder burned by the weapon discharged.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Shoot—Shooting.]

*(Additional Syllabus by Editorial Staff.)*

2. Homicide ⬅332(6)—Supreme Court without jurisdiction to inquire whether shooting accidental when trial judge approves finding to contrary.

As the question whether a pistol was discharged accidentally is one of fact, where the trial judge held the jury justified in finding that the firing was not accidental, and approved their finding, the Supreme Court has no jurisdiction to examine any further into the question.

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; Leander H. Perez, Judge.

Sam Manuel was convicted of shooting with intent to kill, and he appeals. Reversed, and new trial granted.

James Wilkinson, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Philip R. Livaudais, of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J. The defendant was charged and convicted of shooting with intent to kill, and sentenced to the maximum penalty provided by Act 44 of 1890, p. 37.

Defendant appealed, and reserved several bills of exception; all of which, however, we find it unnecessary to pass upon except one, since that one seems to us to dispose of the case, to wit, bill No. 6, reserved to the refusal of the trial judge to grant a new trial.

[2] It appears from the per curiam of the district judge that the pistol was discharged in a struggle between the defendant and the party wounded, whilst the latter was attempting to disarm the defendant. The defendant contended that the pistol was discharged accidentally; but the judge held that the jury was justified in finding that the firing was not accidental, and he approved their finding. As this presents only a question of fact we are without jurisdiction to examine any further thereinto.

[1] It further appears, however, that the party wounded was not struck by the bullet, but only powder burned on the arm. The act of 1890, denounces, and this defendant was charged with, shooting with intent to kill. That was the charge which the defendant had to meet, and no other; and the evidence admittedly showed that the party wounded was not shot in the struggle.

For to shoot a person means to strike him with something shot; to hit, wound, or kill, with a missile discharged from a weapon. Century Dictionary, verbo Shoot. And the missile meant in such cases is the arrow, bullet, or ball intended to be discharged, and to strike the object aimed at. See Century Dictionary, verbo Missile. A person cannot be said to have been shot who has not been hit by bullet or ball, but only powder burned by the weapon discharged, and, indeed, is never spoken of as having been shot.

### Decree.

The judgment appealed from is therefore reversed, and the defendant granted a new trial.